776 S.E.2d 56

## Re CHIEF JUDGES FOR ADMINISTRATIVE PURPOSES OF the SUMMARY COURTS.

Supreme Court of South Carolina.

June 24, 2015.

## ORDER

The judges of the magisterial and municipal courts, hereinafter referred to as "summary courts", of South Carolina being a part of the uniform statewide judicial system and pursuant to the provisions of Section 4, Article V, South Carolina Constitution,

IT IS ORDERED that the judges of the magisterial courts listed below be designated as Chief Judge or Associate Chief Judge for Administrative Purposes of the Summary Courts in the counties in which they hold office.

Judge S.G. Gladden
Abbeville County

Judge C.S. Insley
Aiken County

Judge D.H. Williamson
Associate Chief Judge
Aiken County

Judge W.D. Branch, Jr.
Allendale County

Judge N.W. Devine
Anderson County

Judge R.C. Threatt
Bamberg County

Judge J.W. Gantt
Barnwell County

Judge L.J. Holland, Jr.
Associate Chief Judge
Barnwell County

Judge L.P. McElynn
Beaufort County

Judge R.H. Sproatt
Associate Chief Judge
Beaufort County

Judge A.B. Ayers
Berkeley County

Judge R.H. Lake      .
Calhoun County

Judge E.S. Steinberg
Charleston County

Judge L. Linen
Associate Chief Judge
Charleston County

Judge R.B. Howell
Cherokee County

Judge Y. Zamore
Chester County

Judge G.R. Faulkenberry
Chesterfield County

Judge D.W. Dyches
Associate Chief Judge
Chesterfield County

Judge P.B. Harvin, Jr.
Clarendon County

Judge K.A. Campbell, Jr.
Colleton County

Judge J.R. Edwards
Darlington County

Judge D.B. Curtis
Associate Chief Judge
Darlington County

Judge M.D. Hayes
Dillon County

Judge C.D. Spivey
Associate Chief Judge
Dillon County

Judge K.L. Patton
Dorchester County

Judge P.B. Shelbourne
Associate Chief Judge
Dorchester County

Judge B.B. Carpenter
Edgefield County

Judge W.F. Pope
Fairfield County

Judge S.M. Grimsley
Florence County

Judge I.L. Pyatt
Georgetown County

Judge L. Foster
Greenville County

Judge M.C. Edmonds
Associate Chief Judge
Greenville County

Judge B.S. McGuire
Greenwood County

Judge C.R. Johnson
Associate Chief Judge
Greenwood County

Judge C.A. Williams
Hampton County

Judge M.B. Livingston
Horry County

Judge A.C. Butler
Associate Chief Judge
Horry County

Judge S.J. McDonald
Jasper County

Judge D.D. Lynah
Associate Chief Judge
Jasper County

Judge R.M. Todd, Jr.
Kershaw County

Judge W.D. Corbett
Associate Chief Judge
Kershaw County

Judge J.M. Pope
Lancaster County

Judge P.D. Lyles
Laurens County

Judge G.R. Gibson
Lee County

Judge G.W. Reinhart
Lexington County

Judge R.L. Adams
Associate Chief Judge
Lexington County

Judge D.O. Barker
Marion County

Judge R.K. McDonald
Marlboro County

Judge P.L. Smith
McCormick County

Judge B.S. Koon
Newberry County

Judge M.T. Simmons
Oconee County

Judge B.A. Norton
Associate Chief Judge
Oconee County

Judge D.F. Dash
Orangeburg County

Judge P.D. Doremus
Associate Chief Judge
Orangeburg County

Judge B.E. Anders
Pickens County

Judge D.J. Simons
Richland County

Judge K.D. Shealy
Associate Chief Judge
Richland County

Judge J.B. Shults
Saluda County

Judge D.J. Turner
Spartanburg County
Judge J.T. Wall
Associate Chief Judge
Spartanburg County
Judge K.F. Curtis
Sumter County
Judge B.K. Griffin
Associate Chief Judge
Sumter County
Judge J.D. Crocker
Union County
Judge J.D. Bailey
Associate Chief Judge
Union County
Judge D.F. Williams
Williamsburg County
Judge R.B. Foxworth
Associate Chief Judge
Williamsburg County
Judge L.H. Benfield
York County
Judge R. Davenport, Jr.
Associate Chief Judge
York County

A Chief Judges' authority shall include, but not be limited to, the following:

1. Coordinate with the Office of South Carolina Court Administration on all matters pertaining to summary court judges in the county.

2. Coordinate the activities of the summary court judges of the county with other affected persons and/or agencies to insure cooperation and effective judicial service.

3. Establish with the other magistrates of the county, a schedule so arranged that a magistrate will be available, in person or on call, in the county to issue warrants and conduct bail proceedings. The bail proceedings schedule shall be in compliance with the provisions of the Order of the Chief Justice dated September 19, 2007, outlining certain bond

procedures in those courts. The Chief Judge shall also inform the municipal courts of the details of the county magisterial court schedule, to insure the availability of a magistrate to issue warrants and conduct bail proceedings for the municipal courts when the municipal judge is unavailable. After hours and weekends does not constitute unavailability in and of itself. Establish a procedure with all municipal courts within the county whereby they provide the Chief Judge with a monthly bond schedule indicating their availability for bond court. Monitor all summary court judges within the county to insure compliance with the above referenced Order dated September 19, 2007. The monitoring shall include, but shall not be limited to, insuring that bond hearings are being conducted twice daily, insuring that defendants' and victims' constitutional and statutory rights are being upheld, insuring that cash bonds only and excessive bonds are not being required, and insuring that no irregular practices as outlined in the above referenced Order are occurring.

4. Establish within the county a procedure to ensure that Certificates of Transmittal are completed and the appropriate documents (warrants or other charging papers, checklists, bond forms, and checks for cash bonds received) are attached and transmitted within fifteen (15) days to the appropriate magistrate, municipal judge or Clerk of Court of General Sessions having jurisdiction over the case.

5. Call a meeting at least on a quarterly basis of all summary court judges in the county to formulate procedures which establish uniformity of procedures in the county sum-mary court system. Require that all summary court judges who have court bank accounts bring to the quarterly meetings documentary proof of all monthly reconciliations of those bank accounts since the previous quarterly meeting. A minimum of one municipal judge from each municipality within the county shall be required to attend these meetings.

6. Coordinate the planning of budgets for the magistrates in the county, with those magistrates' input, and appear before the county governing body to present and justify the budget requests.

7. Attend schools and meetings for Chief Judges called to implement policies and procedures under this and other Orders.

8. Set terms of court, both civil and criminal, when terms are necessary for the disposition of any cases within the jurisdiction of the magisterial court.

9. Provide for the orderly assignments of any case within the jurisdiction of the magisterial court to any magistrate of the county, regardless of whether the case is transferred from circuit court or originally filed in the magisterial court.

10. Designate the hours of operation of each magistrate's court office in the county, and designate the hours during which each magistrate shall be present in the office, based upon the number of hours fixed for each magistrate by the county governing body.

11. Collect from the other magistrates in the county on a quarterly basis and review information concerning the age of pending civil and criminal cases to insure that all civil cases are disposed of within ninety days of filing and that criminal cases are disposed of within sixty days of arrest.

12. When any summary court judge in the county dies, retires, is suspended, goes out of office, becomes incapacitated, is unable to perform the duties of their office, and when a successor has not been nominated or qualified, the Chief Judge shall immediately take custody, or provide for the orderly transfer, of all records, to include past and present, civil and criminal docket books, warrant books, receipt books, financial records including official checking account statements and stubs, bank accounts and any funds contained therein, Acts and Joint Resolutions, the Code of Laws, Bench Books, pending and disposed warrants, tickets, NRVC's, and other court records.

13. Insure that the Office of Court Administration is provided written notification of the appointment, retirement, resignation, suspension or death of any summary court judge, whether municipal or magistrate, within the county.

14. Appoint, coordinate, and assign constables throughout the County, in those Counties that utilize constables, so as to insure cooperation and effective judicial service.

15. Establish within the county a procedure with all summary court judges and appropriate public officials to ensure that court generated revenues are collected, distributed, and reported in an appropriate and timely manner.

16. Monitor all requests for recusals countywide. When all magistrates have recused themselves from a particular case in order to avoid the appearance of impropriety, the Chief Judge shall request from the Chief Justice, by and through Court Administration, a judge from outside of that County be assigned to dispose of the case by order of the Chief Justice.

17. Report to the Office of Court Administration any significant or repetitive non-compliance by any summary court judge in the county concerning the Chief Judge's execution of the provisions of this Order.

No order issued by the Chief Judge under the authority of this Order shall be effective unless the order is filed with the Office of South Carolina Court Administration and approved for consistency with statewide administrative policies.

Associate Chief Judges appointed in this Order shall act in the absence or disability of the Chief Judge. They shall also perform administrative duties that are assigned to them by the Chief Judges.

The authority conferred on the Chief Judges and Associate Chief Judges for Administrative Purposes of the Summary Courts by this Order shall become effective on July 1, 2015 and shall continue through December 31, 2015 unless amended or revoked by Order of the Chief Justice. However, the assignments of the Charleston and Darlington County Chief Magistrates and Associate Chief Magistrates are effective immediately, and remain in effect throughout the term of this Order, commencing July 1, 2015 and continuing through December 31, 2015.

s/Jean Hoefer Toal
Jean Hoefer Toal
Chief Justice